UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Deylin Martinez-Guerrero,<br><br>*Defendant.* | **24 Cr. 154 (ER)** |
| Deylin Martinez-Guerrero,<br><br>*Petitioner*<br><br>v.<br><br>United States of America,<br><br>*Respondent.* | **26 Civ. 3609 (ER)** |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Deylin Martinez-Guerrero (the "defendant") has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of the defendant's former counsel, David Touger, Esq., ("Prior Counsel") will be needed to allow the Government to respond to the motion and the Court to resolve the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Prior Counsel is needed to allow the Government to respond to the motion and the Court to resolve the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order, ethical concerns may inhibit Prior Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that the defendant shall execute and return to this court within 30 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form.  If the document is not received by the court within 30 days from the date of this Order, the court will deny the motion, on the ground that the defendant failed to authorize the disclosure of information needed to permit the Government to respond to the motion and the Court to resolve the motion; and it is further

ORDERED that, within 30 days of the Court's receipt of the executed "Attorney-Client Privilege Waiver (Informed Consent)" form from the defendant, Prior Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the defendant; and it is further

ORDERED that the Government shall respond to the defendant's § 2255 motion within 30 days after the receipt of the affidavit from Prior Counsel.

Dated: New York, New York
       May  5 , 2026

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Deylin Martinez-Guerrero,<br><br>*Defendant.* | **24 Cr. 154 (ER)** |
| Deylin Martinez-Guerrero,<br><br>*Petitioner*<br><br>v.<br><br>United States of America,<br><br>*Respondent.* | **26 Civ. 3609 (ER)** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Deylin Martinez-Guerrero

You have made a motion under 28 U.S.C. § 2255 to have your conviction vacated on the ground that you received ineffective assistance from your former lawyer, David Touger, Esq. (your "Prior Counsel"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Prior Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with Prior Counsel to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and Prior Counsel a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering Prior Counsel to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to Prior Counsel to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

3

You should know that if you sign this authorization, you run the risk that Prior Counsel will contradict your statements about his or her representation of you.  However, you should also know that the court will deny your motion if you do not authorize Prior Counsel to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing Prior Counsel to give testimony.  If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.


NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent).  I hereby authorize Prior Counsel, identified above, to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel.  This authorization allows Prior Counsel to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed:_____


Sworn to before me this _____ day of _____, 20___

_____
Notary Public